UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN

AARON FISHER,

    Plaintiff,

v.

CITY OF LANSING,

    Defendant.

Case No.

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Aaron Fisher (hereinafter "Fisher"), by and through his attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant states as follows:

1. Plaintiff, Aaron Fisher, is a resident of the City of Lansing, County of Ingham and State of Michigan. Plaintiff suffers from a substance abuse addiction which is a disability as it substantially interferes with major life activities.

2. Defendant, City of Lansing (hereinafter "Lansing") is a governmental entity duly authorized to do business in the County of Ingham and State of Michigan.

3. Jurisdiction and venue are proper in the District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5. The Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination and/or harassment due to Plaintiff's disability, in violation of the American with Disabilities Act of 1990 ("ADA") and the Michigan Persons with Disabilities Act, MCLA §37.1101, *et seq.*, which resulted in emotional, physical, and economic damages to Plaintiff.

## **GENERAL ALLEGATIONS**

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff is a male who began his employment with Defendant, Lansing on April 5, 2004 with the Lansing Fire Department ("Fire Department") where he currently works as an Engineer and at all times was an employee of the City of Lansing.

8. Plaintiff suffers from Post Traumatic Stress Disorder and Anxiety which substantially interfere with major life activities including but not limited to thinking, listening, communicating, concentrating or interacting with others.

9. Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

10. At all times relevant, Plaintiff an exemplar employee of Defendant.

11. Plaintiff's symptoms from PTSD and anxiety were aggravated when he went on an emergency call.

12. Plaintiff's doctor prescribed that Plaintiff be allowed to have a service dog at the firehouse to help him coup with his disability and better manage any stressors.

13. Plaintiff submitted the request for the accommodation to his Battalion Chief, Paul Cleveland who approved the accommodation and allowed Plaintiff to have a service dog at the station.

14. Plaintiff's accommodation while incredibly beneficial lasted only four months before Defendant's Human Resources Department ("{HR") got involved and informed Plaintiff he was no longer able to be accommodated because he did not submit the necessary documents to HR.

15. Plaintiff then provided Defendant with sufficient medical documentation to approve Plaintiff's request, but the request for the reasonable accommodation was denied.

16. As a result of Defendant's refusal to accommodate Plaintiff, Plaintiff suffered physical conditions including excessive vomiting and diarrhea and required Plaintiff undergo medical procedure(s) to attempt to address the issues and any resulting trauma.

17. Defendant's refusal also caused Plaintiff to stay in his current position of engineer and forgo the promotional track and not be promoted to the higher ranks of Captain or Battalion Chief causing Plaintiff to suffer economic loss as a result of being paid as an Engineer rather than higher paying positions of Captain and/or Battalion Chief.

18. Defendant, through its agents, representatives and employees, were predisposed to harass and discriminate against Plaintiff on the basis of his disability and acted in accordance with that predisposition.

19. Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

20. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") for Defendant's violations of the ADA.

21. On or about August 7, 2023, the EEOC issued a Right to Sue letter, which Plaintiff received a few days later.

## COUNT I
## AMERICANS WITH DISABILITY ACT OF 1990

22. Plaintiff incorporates by reference paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. At all times relevant, Plaintiff suffered Post Traumatic Stress Disorder and Anxiety which substantially interfere with major life activities including but not limited to thinking, listening, communicating, concentrating or interacting with other and are disabilities under the ADA, and which Defendant regarded as a disabilities.

24. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from harassment, discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disability or perceived disability.

25. Defendant was Plaintiff's employer within the meaning of the ADA.

26. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon his disability, his perceived or regarded disability, and his request for accommodations, by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected.

27. Plaintiff requested a reasonable accommodation due to his disabilities.

28. Defendant refused Plaintiff's reasonable accommodation causing Plaintiff physical, emotional and economic damages.

29. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

30. Defendant and tis agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for her disability.

    b. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

31. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant and its agents and employees.

32. Because of the unlawful conduct of Defendant, its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATIONS OF THE MICHIGAN PERSONS
## WITH DISABILITY ACT, MCLA §37.1101, *ET SEQ.*

33. Plaintiff incorporates by reference Paragraphs 1 through 32 above as though more fully set forth herein.

34. Plaintiff suffers from PTSD and anxiety which is are disabilities under the Michigan Persons with Disability Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA).

35. Pursuant to the Michigan Persons with Disability Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from harassment, discriminatory treatment from his employment by his employer and/or supervisors due to his disabilities.

36. Plaintiff's disabilities were a factor in Defendant's employment decisions, including, but not limited to refusing to accommodate him.

37. Defendant was Plaintiff's employer within the meaning of the PWDCRA.

7

38. Plaintiff has been subjected to discriminatory treatment based upon his disabilities by Defendants, its employees and agents to the point where his status as an employee has been detrimentally affected and he has had to forego promotional opportunities.

39. Plaintiff is entitled to exemplary and compensatory damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

40. Defendant and its agents, employees and representatives violated the PWDCRA by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by refusing to accommodate Plaintiff;

   b. Preventing Plaintiff from having full and fair opportunities to his employment based upon his disability.

   c. Terminating Plaintiff due to his disability and/or Defendant's perception of Plaintiff's disability.

41. Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from harassing and/or discriminating against her due to his disabilities, but Defendant breached that duty and refused/failed to take remedial measures.

42. As a direct and proximate result of Defendants' discrimination of Plaintiff on the basis that he had a disability or was perceived by Defendant to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

    a. Economic damages;

    b. Mental anguish;

    c. Embarrassment;

    d. Anxiety;

    e. Emotional distress;

    f. Loss of self-esteem.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $75,000.00, plus exemplary and compensatory damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

                              Respectfully submitted,

                              **BATEY LAW FIRM, PLLC**

                              By: /s/Scott P. Batey
                                  SCOTT P. BATEY (P54711)
                                  Attorney for Plaintiff
                                  30200 Telegraph Road, Suite 400
                                  Bingham Farms, Michigan 48025
                                  (248) 540-6800-telephone
                                  (248) 540-6814-fax
                                  sbatey@bateylaw.com

Dated: November 2, 2023

## DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, Aaron Fisher, by and through his attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

                        Respectfully submitted,

                        **BATEY LAW FIRM, PLLC**

                        By: /s/Scott P. Batey
                            SCOTT P. BATEY (P54711)
                            Attorney for Plaintiff
                            30200 Telegraph Road, Suite 400
                            Bingham Farms, Michigan 48025
                            (248) 540-6800-telephone
                            (248) 540-6814-fax
                            sbatey@bateylaw.com

Dated:  November 2, 2023